# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-1140V
Filed: June 11, 2015
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| RICHARD GREENSLADE, | * | |
| | * | |
| Petitioner, | * | Interim attorneys' fees and costs decision |
| | * | based on stipulation of fact |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Scott W. Rooney, Farmington Hills, MI, for petitioner.
Debra A. Filteau Begley, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On June 10, 2015, the parties filed a stipulation of fact in which they agreed on an appropriate amount for interim attorneys' fees and costs in this case.

In accordance with General Order #9, petitioner asserts that he did not incur any costs in pursuit of his petition. Petitioner submitted his request for attorneys' fees and costs to respondent, requesting $4,574.48. Respondent does not object to this amount for fees accrued

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

through June 10, 2015.[2]  The undersigned finds an award of interim fees appropriate and finds this amount to be reasonable.  Accordingly, the court awards **$4,574.48**, representing reimbursement for interim attorneys' fees and costs accrued through the present date.  The award shall be in the form of a check payable jointly to petitioner and Nemes Rooney, P.C. for **$4,574.48**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

Dated: June 11, 2015                                                    s/ Laura D. Millman
                                                                                Laura D. Millman
                                                                                Special Master

---

[2] Respondent contends that the Vaccine Act does not confer special masters with authority to award interim fees and further contends that the withdrawal of counsel, by itself, does not provide sufficient grounds for an award of interim fees.  Nevertheless, respondent elects not to raise her statutory objection under Section 15(e)(1) or an objection based on McKellar v. Sec'y of HHS, 101 Fed. Cl. 297, 302 (Fed. Cl. 2011), in response to this particular request for interim attorneys' fees and costs.

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.